IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD BLANKENSHIP, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ) <br> U.S. DEPARTMENT OF LABOR, ) <br> ) <br> *Defendant*. ) <br> ) <br> ) <br> ) | Case No. 1:23-cv-624 |

**COMPLAINT**

1. Plaintiff Donald Blankenship brings this action to compel compliance by the U.S. Department of Labor (DOL) Mine Safety and Health Administration (MSHA) and Office of the Inspector General (OIG) with their disclosure obligations under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

2. Blankenship is the former Chairman and CEO of Massey Energy Corporation. In 2010, an explosion at Massey's Upper Big Branch (UBB) coal mine in Montcoal, West Virginia tragically resulted in the death of 29 miners. Four years later, the U.S. Attorney for the Southern District of West Virginia charged Blankenship with conspiracy to willfully violate safety regulations at UBB. In 2015, Blankenship was acquitted of all felony counts but convicted of one misdemeanor charge of conspiring to violate regulations promulgated by MSHA.

1

3. Since the disaster, Blankenship has been committed to uncovering the truth regarding the cause of the explosion. He has been unrelenting in his efforts, including publishing a book and producing a documentary on the subject.

4. Blankenship submitted a FOIA request to DOL in July 2022 seeking any and all documents related to interviews conducted by MSHA's Inspector General, or other MSHA employees, with former MSHA employee Jack Kuzar, both during and after Kuzar's employment with MSHA.

5. DOL initially acknowledged his request but has failed to provide a substantive response, an explanation for its substantial delay, or even a response to Mr. Blankenship's multiple requests for a status update.

6. Mr. Blankenship brings this action to compel DOL's compliance under federal law.

## PARTIES

7. Plaintiff Donald Blankenship is a citizen of the United States. He resides in Clark County, Nevada.

8. DOL is a federal agency located at 200 Constitution Ave. NW, Washington, D.C. 20210. Upon information and belief, DOL has possession, custody, and/or control of documents and other information responsive to Plaintiff's request.

## JURISDICTION AND VENUE

9. Plaintiff's claims arise under federal law. *See* 5 U.S.C. § 552(a)(4)(B) (FOIA); 5 U.S.C. § 552a(g)(1) (Privacy Act).

10. This Court has jurisdiction under 28 U.S.C. § 1331.

11. Venue is proper under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1391(e)(1).

**RELEVANT FACTS**

12.     On July 28, 2022, Blankenship submitted a request to DOL (attention to MSHA) under FOIA, seeking records related to interviews conducted by MSHA's Inspector General, or other MSHA employees, with former MSHA employee Kuzar, both during and after Kuzar's employment with MSHA. The request sought all interview notes, memoranda, summaries, preparatory materials, internal communications, and any other documents related to any and all interviews of Kuzar. *See* Ex. A.

13.     Blankenship's request was initially acknowledged on August 1, 2022 by Aretha Dodson, a Government Information Specialist from DOL's Office of the Solicitor, Office of the Information Services-Management & Administrative Legal Services. *See* Ex. B.

14.     In the following days, counsel for Blankenship and Lanesia Washington, FOIA Officer for MSHA, Office of Standards, Regulations and Variance, communicated by phone and email concerning the specifics of the request.  On August 3, 2022, Washington emailed counsel confirming that Blankenship was "seeking interview materials maintained by MSHA and DOL's Office of the Inspector General (OIG) relating to Mr. Jack Kuzar and the 2010 Upper Big Branch Accident." *See* Ex. C.  Washington indicated that the request "w[ould] be assigned to MSHA and OIG for separate responses." *Id.*

15.     On August 25, 2022, Timothy R. Watkins, Deputy Administrator for Mine Safety and Health Enforcement, MSHA, sent an Acknowledgment Letter to Blankenship through counsel. *See* Ex. D.  The letter stated that "[d]ue to the unusual circumstances surrounding the records you are seeking, the statutory time limits for processing your request cannot be met" and estimated that Blankenship would receive a response "within 60 working days of the date of this letter." *Id.*  It also represented that the request "ha[d] also been assigned to the OIG for a separate response." *Id.*

Since this letter, Blankenship has never been provided an update regarding his request or a prediction of when it will be fulfilled. Blankenship has never received any documents or materials.

16. Counsel for Blankenship has attempted to contact individuals within DOL on numerous occasions—by telephone and email—regarding the request. These efforts have been largely ignored. For instance, after 60 days had passed since the Acknowledgment Letter, counsel for Blankenship contacted Kimberlee Proctor, a MSHA employee identified as a point of contact in the Acknowledgement Letter and asked her to "please advise" when he could "expect to receive the results" of Blankenship's request. *See* Ex. E. Counsel received no response. *Id.* A week after that, following more prodding from Blankenship's counsel, Proctor responded that MSHA "continue[s] to process [his] request" and "[i]n a couple of weeks [] will have a better idea of an expected completion date." *See id.* That email—received on November 4, 2022—is the last communication counsel for Blankenship has had with Proctor. She ignored multiple follow-up requests, including an email on November 8, 2022 and an email and phone call on January 12, 2022. *See id.* Counsel for Blankenship also reached out to DOL's FOIA Public liaison, Thomas Hicks, and has never received a substantive updating regarding the request.

17. DOL OIG has never communicated with Blankenship even though DOL's acknowledgment letter indicated the request had been assigned to both DOL MSHA and DOL OIG.

18. Blankenship has exhausted administrative remedies. On February 28, 2023, his counsel submitted an appeal to DOL, indicating that, in the absence of a satisfactory response from DOL, Blankenship would file suit on March 7, 2023 to compel compliance under FOIA. *See* Ex. F. He has never received a response.

19. In sum, more than six months have passed since Blankenship made his FOIA request, and in that time DOL has never provided a substantive response. Nor has DOL provided any explanation for, or acknowledgement of, its substantial delay.

### CLAIMS FOR RELIEF

### Count I
### *Failure to Comply with Statutory Deadlines*
### *Under the Freedom of Information Act*
### (5 U.S.C. § 552(a)(6))

20. FOIA requires agencies to respond to requests within 20 days, excluding weekends and legal holidays. *See* 5 U.S.C. § 552(a)(6)(A)(i).

21. DOL was required to decide whether to comply with Mr. Blankenship's July 28, 2022 request and to notify him of that decision by Wednesday, August 25, 2022.

22. FOIA allows an agency to extend its response deadline under "unusual circumstances" for no more than 10 additional working days with notice to the requester. *See* 5 U.S.C. § 552(a)(6)(B)(i). If an agency cannot comply with even the extended deadline, FOIA requires the agency to notify the requester of that fact and to "provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

23. On August 25, 2022, Defendant Agency notified Mr. Blankenship of its need for an estimated 60 additional working days due to the alleged unusual circumstances of his request. DOL did not provide Mr. Blankenship with an opportunity to limit the scope of his request, has failed to provide a response within its estimated alternative deadline, and has not responded to Mr. Blankenship's requests for status updates.

24. FOIA provides a cause of action to redress an agency's failure to comply with statutory deadlines. *See* 5 U.S.C. § 552(a)(4)(B).

25. The Court may "enjoin the agency from withholding agency records," "order the production of any agency records improperly withheld from the complainant," 5 U.S.C. § 552(a)(4)(B), and "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed," 5 U.S.C. § 552(a)(4)(E)(i).

**<u>Count II</u>**
*Failure to Produce Responsive Agency Records
Under the Freedom of Information Act*
**(5 U.S.C. § 552(a)(3))**

26. FOIA requires agencies, upon receipt of a request, to identify responsive, non-exempt records and to "make the records promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A).

27. Upon information and belief, DOL possesses non-exempt agency records that are responsive to Mr. Blankenship's July 28, 2022 request.

28. DOL has not produced any records to Mr. Blankenship in response to his July 28, 2022 request.

29. FOIA provides a cause of action to redress an agency's failure to produce responsive, non-exempt records. *See* 5 U.S.C. § 552(a)(4)(B).

30. The Court may "enjoin the agency from withholding agency records," "order the production of any agency records improperly withheld from the complainant," 5 U.S.C. § 552(a)(4)(B), and "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed," 5 U.S.C. § 552(a)(4)(E)(i).

## PRAYER FOR RELIEF

Wherefore, Blankenship prays that this Court:

a. Order DOL immediately to conduct reasonable searches for all responsive records;

b. Order DOL promptly to disclose all responsive, non-exempt records;

c. Award him all reasonable costs and attorney's fees incurred in this action; and

d. Grant such other relief as the Court may deem just and proper.


Dated: March 7, 2023                           Respectfully submitted,

                                               DONALD BLANKENSHIP
                                               *By Counsel*

                                               */s/ Benjamin L. Hatch*
                                               Benjamin L. Hatch (DC Bar: 1044804)
                                               Caroline S. Burton (DC Bar: 1031533)
                                               888 16th Street NW
                                               Washington, DC 20006
                                               MCGUIREWOODS LLP
                                               Phone: (757) 640-3727
                                               Facsimile: (757) 640-3947
                                               bhatch@mcguirewoods.com
                                               cburton@mcguirewoods.com